IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
MAY - 4 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

LEVEL 3 COMMUNICATIONS, LLC, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:12CV081-HEH
)
WILLIAM T. CANTRELL, INC., )
)
Defendant. )

## MEMORANDUM OPINION
### (Denying Defendant's Motion to Dismiss)

This matter is before the Court on "Defendant's 12(b)(6) Motion to Dismiss." The Court will dispense with oral argument at the request of the parties, and because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Both parties have filed memoranda supporting their respective positions. For the reasons set forth herein, Defendant's Motion will be denied.

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to Plaintiff. *See Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Plaintiff's Complaint contains the following factual allegations.

Level 3 Communications, LLC ("Level 3") is a Delaware telecommunications company with its principal place of business in Broomfield, Colorado. It provides telecommunications services through a nationwide network of fiber optic cables, much of

1

which is buried underground. According to Level 3, pursuant to an "agreement with and/or permit from the Commonwealth of Virginia," it installed and operates a fiber optic cable ("the cable") in the right-of-way of Chamberlayne Road, a/k/a U.S. Highway 301, in Chamberlayne, Virginia. (Comp. at ¶ 6.) Following installation of the cable, Level 3 became a member of Miss Utility of Virginia, Inc. ("Miss Utility"), in accordance with Virginia law. Miss Utility provides notices of any excavation activity to utility owners and operators. (Id. at ¶ 7.)

Level 3 alleges that on or about February 8, 2007, it received a notice from Miss Utility that Defendant William T. Cantrell, Inc. ("Cantrell") intended to excavate in the area around Level 3's cable on February 16, 2007. (Id. at ¶ 8.) Subsequently, Level 3 claims that it "marked the approximate horizontal location of the Cable with orange paint" in accordance with the relevant Virginia statutes. (Id.)

Despite these alleged markings, Level 3 asserts that on February 16, 2007, Cantrell severed the cable while excavating with mechanized equipment in the right-of-way of Chamberlayne Road. As a result, "Level 3 sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of the Cable which resulted in actual damages to Level 3, including, but not limited to the costs of repairs and the loss of the use of the cable." (Id. at ¶ 12.)

To recover for its alleged loss, Plaintiff, Level 3, filed a Complaint in this Court on February 3, 2012, asserting causes of action for trespass, negligence, and statutory liability pursuant to Virginia Code § 56-265.25(A)(1). Level 3 seeks both compensatory

and punitive damages. The instant Motion to Dismiss Level 3's claim for trespass, as well as the claim for punitive damages followed.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint.... [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. The court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to

the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950; *see also Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. ANALYSIS

In its Motion to Dismiss, Cantrell moves to dismiss Level 3's claim for trespass, as well as Plaintiff's claim for punitive damages. The Court will address each of these claims in sequence.

Turning first to the claim for trespass, Cantrell argues that the Complaint does not provide sufficient facts to establish that Level 3 owned or exclusively possessed the land in the right-of-way containing the cable. According to Cantrell, "[a]n agreement and/or permit to install fiber optic cables does not establish either ownership or exclusive possession of the property upon which [Cantrell] is alleged to have trespassed." (Def.'s Br. Supp. 12(b)(6) Mot. Dismiss at 3.) Moreover, according to Cantrell, Level 3's admission that it received notice from Miss Utility and subsequently marked the cable line provides evidence that Cantrell had authorization to enter the property. (Id. at 4.)

Under Virginia common law, trespass is an unauthorized invasion of one's interest in personal property or an entry on another's land without lawful authority, "which results in interference with the property owner's possessory interest therein." *Cooper v. Horn*, 448 S.E.2d 403, 423 (Va. 1994) (internal quotations omitted); *see also Blackford v. Rogers*, 23 S.E. 896 (1896). In causes of action for trespass to land, the plaintiff must have had possession of the land, either actual or constructive, at the time the trespass was committed. *Blackford*, 23 S.E. at 897.

4

Here, Level 3 alleges in its Complaint that by virtue of its agreement with or permit from the Commonwealth of Virginia, it is "entitled to an undisturbed possession" of the right-of-way. While Cantrell may ultimately prove to be correct in its assertion that the agreement or permit does not establish ownership or exclusive possession of the property, at this stage of the litigation, Level 3 has pleaded sufficient facts to state a claim for relief. Construing the Complaint in a light most favorable to Level 3, the permit from or agreement with the Commonwealth could have plausibly transferred exclusive possession of the tract of land at issue to Level 3. Moreover, Level 3's demarcation of the right-of-way following notification from Miss Utility can be interpreted as an attempt to define its property rights and the location of the cable rather than some form of implicit authorization permitting Cantrell to use the land.

Nonetheless, Virginia common law also recognizes trespass to chattels as actionable. *See America Online, Inc. v. LCGM Inc.*, 46 F.Supp.2d 444, 451 (E.D. Va. 1998) (citing *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890, 894 (1992)). A trespass to chattels occurs when the defendant "intentionally uses or intermeddles with personal property in rightful possession of another without authorization." *Id.* Trespasser liability arises "if the chattel is impaired as to its condition, quality, or value." *Id.* In the immediate case, Level 3's Complaint alleges that Cantrell severed the cable without authorization, causing damage including the cost of repairs and the loss of the use of the cable. These facts state a plausible claim for trespass against Cantrell. Therefore, the Motion to Dismiss as to Level 3's claim for trespass must be denied.

Next turning to Level 3's request for punitive damages, Virginia law limits such claims to allegations involving misconduct or malice, or such recklessness or negligence as evinces a conscious disregard of the rights of others. *See PGI, Inc. v. Rathe Prods., Inc.*, 265 Va. 334, 345 (2003); *C.T.L. ex rel. Cassidy v. People Inc. of Southwest Virginia*, 2005 WL 2811785 (W.D. Va. Oct. 27, 2005). Cantrell argues that Level 3 has failed to allege sufficient facts to support the requisite degree of malice or gross negligence. Specifically, it asserts that Level 3 has merely provided legal conclusions claiming that Cantrell's acts were intentional, grossly negligent, or evidenced a conscious disregard to Level 3's rights.

According to the Complaint, however, Cantrell allegedly failed to adhere to industry regulations during excavation and disregarded safety precautions, which directly resulted in the destruction of the cable. (Compl. at ¶ 15.) These actions were "intentional, grossly negligent and/or reckless, and exhibited a wanton disregard of Level 3's rights and a conscious indifference to the consequences." (Id. at ¶ 16.) Furthermore, Level 3 asserts that the cable had been clearly marked prior to the excavation; therefore, Cantrell, a professional corporation with excavation experience should have easily been able to avoid severing the cable. Viewing the Complaint in a light most favorable to the plaintiff, reasonable persons could differ as to whether this conduct was so willful and wanton as to show a conscious disregard for the rights of Level 3. *See, e.g., Alfonso v. Robinson*, 514 S.E.2d 615, 616 (Va. 1999) (holding that the jury was properly instructed on willful and wanton negligence where the defendant truck driver "was a professional

6

driver who had received specialized safety training warning against the very omissions he made prior to the accident").

Level 3 has alleged facts from which the Court can reasonably infer that Cantrell's actions were willful, wanton, and careless, and has stated facts which give Cantrell sufficient notice of the conduct complained of. At this point, therefore, the Court cannot conclude that the facts set forth in Plaintiff's Complaint, taken as true and construed in their most favorable light, fail to state a plausible cause of action. Accordingly, dismissal as to the request for punitive damages would be improper at this juncture, and the issues presently raised may be more appropriately addressed at the summary judgment stage. The Motion to Dismiss must be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant Cantrell's 12(b)(6) Motion to Dismiss will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 4 2012
Richmond, VA